Joshua H. Haffner, Esq. SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Paul D. Stevens, Esq. SBN 207107
pstevens@stevenslc.com
**STEVENS LC**
700 S. Flower Street, Suite 660
Los Angeles, California 90017
Telephone: (213) 270-1211
Facsimile: (213) 270-1223

Attorneys for Plaintiff MICHAEL MOSES, on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOSES, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., a California Company; and DOES 1 through 10, inclusive, <br><br> Defendants. | **Case No.** <br><br> **CLASS ACTION FOR:** <br><br> **(1) REST BREAK VIOLATIONS;** <br><br> **(2) VIOLATION OF UNFAIR COMPETITION LAW; and** <br><br> **(3) COMPLAINT FOR P.A.G.A. PENALTIES, Labor Code § 2698 et seq.** |

**COMPLAINT**

Plaintiff Michael Moses and ("Plaintiff") is informed and believes, and on that basis alleges, as follows:

## NATURE OF THE ACTION

1. This is a California statewide class and representative Private Attorney General Act ("PAGA") action for wage and labor violations arising out of, among other things, Defendant Wells Fargo Bank, N.A.'s failure to compensate its mortgage sales force in compliance with California law. As more fully described herein, Defendant pays Plaintiffs and class members based on a sales commission, and fails to pay them for all time worked, fails to compensate for rest breaks, and engages in other Labor Code violations.

2. This action is brought for rest break compensation, statutory penalties and/or other authorized relief on behalf of all non-exempt persons employed by Defendants, and paid under a similar pay plan, at any time beginning one year prior to the filing of the Complaint.

## PARTIES

3. Plaintiff was, at all relevant times, a resident and citizen of the State of California. Plaintiff was employed by Defendant as a mortgage broker in the County of Los Angeles, State of California, during the liability period as alleged herein.

4. Defendant Wells Fargo Bank, N.A. is a bank, headquartered in South Dakota, with its principle place of business located at 420 Montgomery Street, San Francisco, California, 94104, and which is authorized to conduct and is actually conducting business in the State of California.

5. Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

6. Plaintiffs are informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA"). The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

8. Plaintiff worked as a "Mortgage Consultant" for Defendant selling mortgages. Mortgage Consultants that are part of this action include all persons who worked for Defendant in California with the titles Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr.

9. Under Defendant's pay plan, Plaintiff and other Mortgage Consultants were paid a monthly commission based on the amount of loans that closed in a given month. Defendant paid Plaintiff and other Mortgage Consultants at approximately $12 per hour, but then deducted those advances from the commissions.

10. Mortgage Consultants, including Plaintiff, were at all times, classified by Defendant as non-exempt employees.

11.     In violation of Labor Code §§1194 and 1197, Defendant failed to pay Plaintiff and and other Mortgage Consultants for non-sales time, including mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, attending events and galas, and working on "call night."

12.     In violation of Labor Code §226.7, Defendant failed to separately pay Plaintiffs and Mortgage Consultants for rest breaks, in violation of California law.  Judgment was entered against Defendant for rest break violations through August 1, 2017 in the amount of $97,284,817.91, in the action entitled *Ibarra v. Wells Fargo Bank, N.A.*, United States District Court, Central District of California, Case No. CV 17-4344 PA (ASx).  No compensation or damages has been awarded Plaintiff or the proposed class for rest break violations since August 1, 2017.

13.     In violation of Labor Code § 226(a), Defendants have issued false and inaccurate wage statements which fail to account for all Plaintiff and other non-exempt employees' wages earned.

14.     Defendant's conduct violated, among other statutes, Labor Code §§ 201, 202, 203, 204, 218.5 226, 26.3, 226.7, 510, 512, 1197, and 1198, as well as IWC Wage Order No. 4-2001.

15.     Plaintiff is a member of and seeks to be the representative for the group of non-exempt employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

16.     Plaintiff has provided the required notice of intent to bring this PAGA action. Plaintiff has complied with all conditions or requirements for bringing suit, save those Defendants have waived, forfeited, and/or are estopped from asserting.

**CLASS DEFINITION AND CLASS ALLEGATIONS**

17.     Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **REST BREAK CLASS**:  All current or former California residents who worked for Defendant as a Mortgage Consultant at any time beginning

August 2, 2017 through the date notice is mailed to the Class (the "Class period").

18. Plaintiffs reserve the right to amend or otherwise alter the sub-class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

19. This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure § 382 and other applicable law, as follows:

20. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiffs or will be known to Plaintiffs through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

21. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

    a. Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by engaging in a pattern or practice of failing to properly compensate Plaintiffs and the members of the Class who worked as mortgage brokers in California during the Class period for rest periods by paying based on a commission, without separately paying Plaintiffs and Class members for rest breaks;

    b. Whether Defendant engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide and/or compensate Plaintiffs and the members of the Class who worked as mortgage brokers in California during the Class period with their statutory rest periods;

    c. The nature and extent of class-wide injury and measure of damages for the injury.

22. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a mortgage consultant for Defendant, was exposed and subjected to the same unlawful business practices as other mortgage salespersons

employed by Defendants during the liability period. Plaintiffs and the members of the class she represents sustained the same types of damages and losses.

23. **Adequacy:** Plaintiffs are an adequate representatives of the Class they seeks to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiffs seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiffs and their counsel.

24. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

25. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or

substantially impair or impede their ability to protect their interests; and

  c. Defendants have acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE REST PERIODS
(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)

26. Plaintiff re-alleges and incorporate all preceding paragraphs as if fully set forth herein.

27. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

28. IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

29. IWC Order No. 4-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

30. As alleged herein, Defendant failed to pay rest breaks during the Class period. Defendant paid Plaintiff and class members based on a commission, and did not separately compensate them for their time.

31. By their actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

32. Defendant's unlawful conduct alleged herein occurred in the course of

employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

33. As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

## SECOND CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**

34. Plaintiff re-allegSe all preceding paragraphs as if fully set forth herein.

35. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

36. Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

37. Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendant's unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation for rest breaks, as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about compensation for Class members's rest breaks and other pay.

38. Plaintiffs has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendant's conduct.
Plaintiffs and the Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## THIRD CAUSE OF ACTION
### REPRESENTATIVE CLAIM PRIVATE ATTORNEY GENERAL ACT
(Violation of California's Labor Code §§ 2698 *et seq.*)
(Against All Defendants)

39. Plaintiff re-alleges, and incorporates by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

40. The claims alleged herein are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") action because:

   a. Pursuant to California Labor Code § 2699(a), any provision of the *Labor Code* "that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in section 2699.3."

   b. This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies, or employees.

   c. Plaintiff is an "aggrieved employee" because she was employed by the alleged violators and had one or more of the alleged violations committed against them.

   d. Plaintiff satisfied the procedural requirements of section 2699.3 by serving, via certified mail, the LWDA and Defendants with notice for wage and hour violations and penalties, including the facts and theories to support each violation. More than 65 days have passed since Plaintiff served via certified mail to LWDA and his former employer. Therefore, Plaintiff satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to *Labor Code* section 2698 *et seq.*

41. Plaintiff filed this cause of action pursuant to *Labor Code* section 2699(a) and (f), on behalf of herself and all other current and former aggrieved employees of Defendants to

recover civil penalties. Said civil penalties include unpaid wages which are to be paid to the affected employees pursuant to *Labor Code* section 558 subdivisions (a)(1) and (a)(3).

42. Defendants, including the Doe defendants, were Plaintiff's employers or persons acting on behalf of Plaintiff's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times

43. Plaintiff, on behalf of herself and all other non-exempt employees of Defendants, seeks to recover all applicable civil penalties under PAGA including, but not limited to, all unpaid and/or underpaid wages.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For one hour of wages due to Plaintiff and each Class member at their regular rate of compensation for each rest break violations;

C. For restitutionary disgorgement pursuant to the UCL;

D. An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.*;

E. For penalties and other relief pursuant to Labor Code § 2698 *et seq.* for Plaintiff and all other aggrieved employees;

F. Prejudgment interest at the maximum legal rate;

G. Reasonable attorneys' fees;

H. Accounting of Defendants' records for the liability period;

I. General, special and consequential damages, to the extent allowed by law;

J. Costs of suit; and

K. Such other relief as the Court may deem just and proper.

DATED: November 2, 2018 **HAFFNER LAW PC**

By: /s/ Joshua H. Haffner
Joshua H. Haffner

DATED: November 2, 2018 **STEVENS LC**

By: /s/ Paul D. Stevens
Paul D. Stevens

Attorneys for Plaintiff and others similarly situated