1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11 | JAMES C. KANG, an individual, on behalf of himself and all others | Case No. 5:17-cv-06220-BLF

12 | similarly situated, | Assigned to Hon. Beth Labson Freeman

13 | Plaintiff, | **ORDER GRANTING AMENDED JOINT MOTION STIPULATING TO**

14 | v. | **AMENDMENT OF COMPLAINT, CERTIFICATION OF PLAINTIFF'S**

15 | WELLS FARGO BANK, N.A. and DOES 1 through 10, inclusive, | **REST BREAK CLAIMS, AND STAY OF ACTION PENDING DECISION**

16 | | **IN *IBARRA* MATTER**

17 | Defendant. | Complaint Filed: October 27, 2017

18

19

20

21

22

23

24

25

26

27

28

PURSUANT TO THE JOINT MOTION STIPULATING TO CLASS NOTICE, AND FOR GOOD CAUSE SHOWN, IT IS ORDERED that:

1. Consolidate the claims pleaded in the separate class action, *Michael Moses v. Wells Fargo Bank, N.A.*, Case No. 3:18 cv 6679 ("*Moses*"), into this action, *James C. Kang v. Wells Fargo Bank, N.A.*, Case No. 5:17-cv-06220 ("*Kang*");

2. Enter an amended consolidated complaint, attached hereto as Exhibit 1, which will proceed under the *Kang* case number following consolidation of the *Moses* action, which will be closed;

3. Modify the *Kang* class certification order (Docket No. 54) to include as a certified claim the rest period claim currently asserted in *Moses*. Thus, the parties agree that

    a. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the certification the Court ordered on February 6, 2016 is amended to certify rest period, vacation pay, and minimum wage claims, and a derivative waiting time penalties claim on behalf of the following class and subclasses:

Overall Class
All non-exempt employees for Wells Fargo who at any time during the period from October 27, 2013 to the date class notice is mailed ("the class period") worked for Wells Fargo in California in the job titles of Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker, or Private Mortgage Banker, Jr. (collectively "HMCs") and were subject to the Home Mortgage Consultant or Private Mortgage Banker compensation plans in effect within this time period ("the Class"). HMCs who were hired or rehired on or after December 11, 2015 are excluded from the Class.

SMRH:489440834.3

Minimum Wage Subclass
All class members who assert they performed non-productive work tasks for which they received no compensation under the applicable compensation plans in effect within the class period ("the Minimum Wage Subclass").

Vacation Pay Subclass
All class members who utilized paid time off during the class period and whose employment with Wells Fargo terminated during that same class period ("the Vacation Pay Subclass").

Rest Period Subclass
All class members who, during the period from August 2, 2017 to March 31, 2018, worked a shift of at least 3.5 hours in a HMC position ("the Rest Period Subclass").

Waiting Time Penalties Subclass
All class members whose employment with Wells Fargo terminated on or after October 27, 2014 ("the Waiting Time Penalties Subclass.")

b. The Court finds that James Kang and Michael Moses are members of the Class and the proposed subclasses and they can adequately represent the class on the certified claims.

c. The Court finds there are no issues of adequacy of class counsel or the class representative that would preclude the class certification agreed to herein (should the Court require additional information as to Class Counsel's experience and qualifications, declarations of Joshua H. Haffner and Paul D. Stevens will be provided).

d. The Court finds that, with the approval of this stipulation, they will meet and confer on class notice, and will submit to the Court a stipulated class notice within thirty (30) days of the date the Court approves this stipulation. In the unlikely event the Parties cannot agree to the specific language of the proposed class notice, they will submit competing

-2-

proposed class notices to the Court. Plaintiff will pay the cost associated with issuing class notice but the cost shall be treated as a recoverable cost available to the class to recover if judgment is entered in favor of the class.

4. Stay this action until a final ruling is obtained in the action *Jacqueline Ibarra v. Wells Fargo Bank,* N.A., Case No. 2:17-cv-4344 PA(ASx) ("Ibarra")."

5. Because a decision in the *Ibarra* action is not expected until late 2019 or early 2020, the Court will vacate the current trial date, but will set a new trial date pursuant to a Case Management Conference the Court will set after the stay in this action is lifted.

6. Nothing in this Order should be read as a waiver of Wells Fargo's arguments concerning res judicata which it intends to assert in the event that the stay is lifted in this action following the completion of the *Ibarra* litigation.

**IT IS SO ORDERED.**

Dated: February 27, 2019

_____

BETH LABSON FREEMAN
United States District Judge

SMRH:489440834.3

EXHIBIT 1

1  Joshua H. Haffner, SBN 188652
   (jhh@haffnerlawyers.com)
2  Graham G. Lambert, Esq. SBN 303056
   gl@haffnerlawyers.com
3  **HAFFNER LAW PC**
   445 South Figueroa Street, Suite 2325
4  Los Angeles, California 90071
   Telephone: (213) 514-5681
5  Facsimile: (213) 514-5682

6  Paul D. Stevens, SBN 207107
   (pstevens@stevenslc.com)
7  **STEVENS, LC**
   700 S. Flower Street, Suite 660
8  Los Angeles, California 90017
   Telephone: (213) 270-1211
9  Facsimile: (213) 270-1223

10 Attorneys for Plaintiffs James C.
   Kang, Michael Moses and the
11 Certified Class

12

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| JAMES C. KANG, an individual, MICHAEL MOSES, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No. 17-cv-06220-BLF**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY MINIMUM WAGES;**<br>2. **FAILURE TO PAY VACATION TIME;**<br>3. **REST BREAK VIOLATIONS;**<br>4. **COMPLAINT FOR P.A.G.A. PENALTIES, Labor Code § 2698 et seq.**<br>5. **FAILURE TO PAY ALL WAGES UPON SEPARATION;**<br>6. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT,** *BUS. & PROF. CODE* **§17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

26

27  Plaintiffs James C. Kang and Michael Moses ("Plaintiffs") are informed

28  and believe, and on that basis allege, as follows:

MRH:489526703.2

-- 1 --

## NATURE OF THE ACTION

1. This is a California state-wide class and representative Private Attorney General Act ("PAGA") action for wage and labor violations arising out of, among other things, Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") failure to compensate their mortgage sales force in compliance with California law. As more fully described herein, Defendant paid Plaintiffs and class members based on a sales commission, and fails to pay them for all time worked and for vacation pay, fails to compensate for rest breaks, and engages in other Labor Code violations detailed below.

2. Plaintiffs seeks among other things, all wages, restitutionary disgorgement, and statutory remedies.

## PARTIES

3. Plaintiff James C. Kang was, at all relevant times, a resident and citizen of the State of California. Plaintiff Kang was employed by Defendant as a mortgage broker in Defendant's Palo Alto Branch, in the State of California, during the liability period as alleged herein. Plaintiff Kang started with Defendant in approximately October 2000 and, other than a short break in employment in 2011, was employed by Defendant through May 2015.

4. Plaintiff Michael Moses was, at all relevant times, a resident and citizen of the State of California. Plaintiff was employed by Defendant as a mortgage broker in the County of Los Angeles, State of California, during the liability period as alleged herein.

5. Defendant Wells Fargo Bank, N.A. is a bank, that is authorized to conduct and is actually conducting business in the State of California, and that designates its main office in South Dakota.

6. Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue

such Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

7.     Plaintiffs are informed and believes and thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA"). The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

# FACTUAL ALLEGATIONS

9.      Plaintiffs and the Class members worked as Home Mortgage Consultants, Private Mortgage Bankers, Home Mortgage Consultant Jr.'s, and/or Private Mortgage Banker, Jr.'s (collectively "HMCs") for Defendant selling mortgages.

10.     Under Defendant's pay plan, Plaintiffs and other Mortgage Consultants were paid a monthly commission based on the amount of loans that closed in a given month. Defendant paid Plaintiffs and other Mortgage Consultants at approximately $12 per hour, but then deducted those advances from the commissions.

11.     In violation of Labor Code §§1194 and 1197, Defendant failed to pay Plaintiffs and other HMC's for non-sales work time, including mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, attending events and galas, and working on "call night."

12.     Defendant was also required to pay Plaintiffs and class members vacation time, referred to as Paid Time Off.  Defendant made transfers of monies for that time to Class members, but also subtracted or clawed that back from Class members' commission.

13.     In violation of Labor Code §226.7, Defendant failed to separately pay Plaintiffs and HMCs for rest breaks, in violation of California law.  Judgment was entered against Defendant for rest break violations through August 1, 2017 in the amount of $97,284,817.91, in the action entitled *Ibarra v. Wells Fargo Bank, N.A.*, United States District Court, Central District of California, Case No. CV 17-4344 PA (ASx).  No compensation or damages has been awarded Plaintiffs or the proposed class for rest break violations since August 1, 2017.

14.     Defendant's conduct violated, among other statutes, Labor Code §§ 201, 202, 203, 218.5, 226.7, 512, 1197, and 1198, as well as IWC Wage Order No.

4-2001.

15. Defendant's conduct, as alleged herein, has caused Plaintiffs and Class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiffs and the Class for failing to pay minimum wages and vacation pay, as well as failing to pay all wages owed on each pay period, failure to pay all wages owed upon termination, and unfair competition.

16. Plaintiffs are members of and seek to be the representatives for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

17. Plaintiffs has provided the required notice of intent to bring this PAGA action. Plaintiffs has complied with all conditions or requirements for bringing suit, save those Defendants have waived, forfeited, and/or are estopped from asserting.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

18. Plaintiffs bring this action on behalf of themselves, and on behalf of all others similarly situated, and as members of the Class defined as follows:

> All current or former California residents who worked for Defendant as HMCs at any time beginning four (4) years prior to the filing of the original Complaint in the *Kang* action through the date notice is mailed to the Class (the "Class period").

> **REST BREAK SUBCLASS CLASS**: All current or former California residents who worked for Defendant as a Mortgage Consultant at any time beginning August 2, 2017 through March 31. 2018 (the "Class period").

19.     Plaintiffs reserve the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

20.     This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure § 382 and other applicable law, as follows:

21.     **Numerosity of the Class:**  Members of the Class are so numerous that their individual joinder is impracticable.  The precise number of Class members and their addresses are known to Plaintiffs or will be known to Plaintiffs through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

22.     **Existence of Predominance of Common Questions of Fact and Law:**  Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

a.  Whether Defendant's pay plan of advancing an hourly wage against commissions is akin to an interest free loan against the commission.

b.  Whether Plaintiffs and each member of the Class were not paid minimum wage for each hour worked or part thereof during which they were required to perform acts at the direction and for the benefit of Defendant.

c.  Whether Plaintiffs and each member of the Class were not paid minimum wage for non-sales time worked during the Class period.

d.  Whether Defendant failed to pay Plaintiffs and Class members for vacation time, also referred to as Paid Time Off.

e.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7  by engaging in a pattern or practice of failing to properly

compensate Plaintiffs and the members of the Class in California during the Class period for rest periods by paying based on a commission, without separately paying Plaintiffs and Class members for rest breaks.

f. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.

g. The nature and extent of class-wide injury and the measure of damages for the injury.

23. **Typicality**: Plaintiffs claims are typical of the claims of the members of the subclasses they represent because Plaintiffs, as a mortgage consultants for Defendant, were exposed and subjected to the same unlawful business practices as other mortgage salespersons employed by Defendant during the liability period. Plaintiffs and the members of the class they represent sustained the same types of damages and losses.

24. **Adequacy:** Plaintiffs are adequate representatives of the Class they seek to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiffs seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiffs and their counsel.

25. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress

the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

26. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
### (Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 4-2001, §4)
### (Against All Defendants)

27.   Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

28.   Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work."  Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

29.   Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

30.   Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

31.   Pursuant to IWC Wage Order No. 4-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

32.   Plaintiffs and Class members were required to work non-selling time, for which they were not compensated, in violation of California's minimum wage

laws. This includes, but is not limited to, including but not limited to, mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, attending events and galas, and working on certain nights or weekends. Plaintiffs engaged in such non-sales work through his last date of employment in May 2015.

33. At all times relevant during the liability period, under the provisions of Wage Order No. 4-2001, Plaintiffs and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

34. For all hours that Plaintiffs and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiffs and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

35. At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and Class members the amounts owed.

36. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all other similarly situated drivers, and Defendants has done so continuously throughout the filing of this complaint.

37. As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiffs and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiffs, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time

penalties pursuant to Labor Code § 200 *et seq.*

38.     Plaintiffs and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiffs and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY VACATION TIME
### (Violation Of Labor Code § 227.3)

39.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

40.     Labor Code § 227.3 requires employers to pay all vacation time owed upon termination of employment.  Defendant failed to provide or pay Plaintiffs and Class members for vested vacation time in accordance with section 227.3.

41.     Plaintiffs and Class members were not paid their vacation time, because Defendant deducted it from their commission.  Plaintiffs and Class members were denied vested vacation pay, and were not provided it when they ceased employment.

42.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial.

## THIRD CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE REST PERIODS
### (Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)

43.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

44.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

45. IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

46. IWC Order No. 4-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

47. As alleged herein, Defendant failed to pay rest breaks during the Class period. Defendant paid Plaintiffs and class members based on a commission, and did not separately compensate them for their time.

48. By their actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

49. Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all others similarly situated and such conduct has continued through the filing of this complaint.

50. As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

## FOURTH CAUSE OF ACTION
## REPRESENTATIVE CLAIM PRIVATE ATTORNEY GENERAL ACT
### (Violation of California's Labor Code §§ 2698 *et seq*.)
### (Against All Defendants)

51. Plaintiffs re-allege and incorporate by reference, the preceding paragraphs of this Complaint, as though fully set forth herein.

52. The claims alleged herein are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") action because:

a. Pursuant to California Labor Code § 2699(a), any provision of the *Labor Code* "that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in section 2699.3."

b. This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies, or employees.

c. Plaintiffs are an "aggrieved employee" because they were employed by the alleged violators and had one or more of the alleged violations committed against them.

d. Plaintiffs satisfied the procedural requirements of section 2699.3 by serving, via certified mail, the LWDA and Defendants with notice for wage and hour violations and penalties, including the facts and theories to support each violation. More than 65 days have passed since Plaintiff Moses served via certified mail to LWDA and his former employer. Therefore, Plaintiffs satisfied all the administrative requirements to pursue

civil penalties against Defendants pursuant to *Labor Code* section 2698 *et seq.*

53. Plaintiffs filed this cause of action pursuant to *Labor Code* section 2699(a) and (f), on behalf of themselves and all other current and former aggrieved employees of Defendants to recover civil penalties. Said civil penalties include unpaid wages which are to be paid to the affected employees pursuant to *Labor Code* section 558 subdivisions (a)(1) and (a)(3).

54. Defendants, including the Doe defendants, were Plaintiffs' employers or persons acting on behalf of Plaintiffs' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times

55. Plaintiffs, on behalf of themselves and all other non-exempt employees of Defendants, seek to recover all applicable civil penalties under PAGA including, but not limited to, all unpaid and/or underpaid wages.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
**(Violation of Labor Code § 203)**

56. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

57. California Labor Code §§ 201 and 202  requires Defendant to pay all compensation due and owing to former mortgage salespersons at or around the time employment is terminated.  Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work

days.

58.    At all times relevant during the liability period, Plaintiffs and the other members of the Class were employees of Defendant covered by Labor Code § 203.

59.    Plaintiffs and the Class were not paid for their work performed, as set forth herein, including minimum wage for non-sales time, overtime pay, vacation pay, or their proper commission for certain loans.

60.    Defendant willfully failed to pay Plaintiffs and other members of the Class who are no longer employed by Defendant for their uncompensated hours, uncompensated overtime, and for other items alleged herein upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202.  As a result, Defendant is liable to Plaintiffs and other members of the Class who are no longer employed by Defendant for all wages or compensation owed, as well as waiting time penalties amounting to thirty days wages for Plaintiffs and each such Class member pursuant to California Labor Code § 203.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**

61.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

62.    Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

63.    Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL.  Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

64.     Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes and regulations alleged herein; failure to pay Class members wages and compensation they earned through labor provided; violating California Labor Code § 204 and employees fundamental right to be paid wages in a timely fashion for their work; and failing to otherwise compensate Class members, as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the amount of wages or compensation due.

65.     Plaintiffs has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct.

66.     Plaintiffs and the Class seek restitutionary disgorgement from Defendant, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## **PRAYER**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. For all unpaid minimum wages and liquidated damages due to Plaintiffs and each Class member on their minimum wage claim

C. For all unpaid vacation pay or paid time off due to Plaintiffs and each Class member on their vacation wage claim;

D. For all applicable statutory penalties under the Labor Code;

E. For restitutionary disgorgement pursuant to the UCL;

F. An order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL*;*

G. Prejudgment interest at the maximum legal rate;

H. Reasonable attorneys' fees;

I. Accounting of Defendant's records for the liability period;

J. General, special and consequential damages, to the extent allowed by law;

K. Costs of suit; and

L. Such other relief as the Court may deem just and proper.


DATED: February 26, 2019          **HAFFNER LAW PC**

By:     /s/ Joshua H. Haffner
        Joshua H. Haffner
        Attorneys for Plaintiffs James C. Kang,
        Michael Moses and the Certified Class


DATED: February 26, 2019          **STEVENS LC**

By:     /s/ Paul D. Stevens
        Paul D. Stevens
        Attorneys for Plaintiffs James C. Kang,
        Michael Moses and the Certified Class

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for herself and the Class members on all claims so triable.

DATED: February 26, 2019      **HAFFNER LAW PC**

By:      /s/ Joshua H. Haffner
     Joshua H. Haffner
     Attorneys for Plaintiffs James C. Kang, Michael Moses and the Certified Class

DATED: February 26, 2019      **STEVENS LC**

By:      /s/ Paul D. Stevens
     Paul D. Stevens
     Attorneys for Plaintiffs James C. Kang, Michael Moses and the Certified Class